U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JUN 2 2 2017
WILLIAM W. BLEVINS
CLERK



**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Maria M. Carboni*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3154*
*Fax: 504-589-2027*

June 14, 2017

Honorable Eldon E. Fallon
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

     Re:    United States v. Christopher Simms
             Criminal Docket No. 16-58 "L" and 17-78 "L"

Dear Judge Fallon:

     In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Christopher Simms, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Gary Schwabe, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

     The Government has agreed that, should the Court accept the defendant's plea of guilty to Counts 1 through 9 of the Superseding Bill of Information in Case Number 16-58 "L," and the defendant's plea of guilty to Count 1 of the Indictment in Case Number 17-78 "L," the Government agrees that it will dismiss the underlying indictments and it will not bring any other charges in the Eastern District of Louisiana arising from the defendant's conduct prior to June 10, 2016, as long as the defendant has truthfully informed law enforcement officials of the full and complete details of those crimes prior to his guilty plea in this case. The defendant understands that this does not apply to crimes of violence that the defendant may have committed.

     Additionally, the defendant agrees to waive any objection he may have to this matter being adjudicated within the Eastern District of Louisiana. As such, he agrees to waive any venue-based objection under Federal Rule of Criminal Procedure 18, Title 18, United States Code, Section

AUSA [initials]
Defendant C.S.
Defense Counsel [initials]

3232, and any and all related laws of the United States. The defendant agrees to enter a guilty plea within the Eastern District of Louisiana to Counts 1 through 9 of the Superseding Bill of Information filed in Case Number 16-58 "L," and as to Count 1 of the Indictment in Case Number 17-78 "L," in accordance with the terms set forth in this plea agreement. The defendant and his counsel expressly waive venue and agree to be prosecuted in the Eastern District of Louisiana for the offenses set forth in Counts 1 through 9 of the Superseding Bill of Information in Case Number 16-58 "L," and as to Count 1 of the Indictment in Case Number 17-78 "L."

The defendant understands that the maximum penalty the defendant may receive, should his plea of guilty be accepted is, as to Count 1 and Counts 3 through 9 of the Superseding Bill of Information in Case Number 16-58 "L," and as to Count 1 of the Indictment in Case Number 17-78 "L," is twenty years imprisonment. The defendant further understands that the maximum penalty the defendant may receive as to Count 2 of the Superseding Bill of Information in Case Number 16-58 "L" is a minimum term of imprisonment of 7 years and a maximum term of imprisonment of life. The defendant further understands that, should the Court accept his plea of guilty, the term of imprisonment imposed as to Count 2 must run consecutive to any other term of imprisonment imposed by the Court.

The following fine is applicable to Counts 1 through 9 of the Superseding Bill of Information in Case Number 16-58 "L," and as to Count 1 of the Indictment in Case Number 17-78 "L": a maximum fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The Government and the defendant agree that the following restitution is due by the defendant: $188.00 to the McDonald's Restaurant located at 2609 St. Claude Avenue in New Orleans, Louisiana; $300.00 to the McDonald's Restaurant located at 3025 Elysian Fields Avenue in New Orleans, Louisiana; $415.00 to the McDonald's Restaurant located at 2145 Veterans Blvd in Kenner, Louisiana; $75.00 to the Dollar General located at 8030 West Metairie Road in Metairie, Louisiana; $3,190.00 to the Iberia Bank located at 4305 Clearview Parkway in Metairie, Louisiana; $363.00 to the Family Dollar store located at 2125 Caton St in New Orleans, Louisiana; and $2,782.00 to the Compass Bank located at 5399 Highway 90 in Mobile, Alabama. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This

AUSA
Defendant
Defense Counsel

special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to 3 years as to Count 1 and Counts 3-9 of the Superseding Bill of Information in Case Number 16-58 "L," and as to Count 1 of the Indictment in Case Number 17-78 "L," pursuant to Title 18, United States Code, Section 3583. The Court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to 5 years as to Count 2 of the Superseding Bill of Information in Case Number 16-58 "L," pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

AUSA _____
Defendant _____
Defense Counsel _____

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of *coram nobis* and *audita querela*, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

AUSA *[initials]*
Defendant *[initials]*
Defense Counsel *[initials]*

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his/her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his/her inclusion in the Treasury Offset Program.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Page **5** of **6**

AUSA
Defendant
Defense Counsel

Very truly yours,

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY

_____  6/22/17
Maria M. Carboni           Date
Assistant United States Attorney

_____  6-22-17
Gary Schwabe              Date
Attorney for Christopher Simms

_____  6-22-17
Christopher Simms         Date
Defendant

AUSA _MMC_
Defendant _____
Defense Counsel _____